# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| YUNSONG ZHAO, | ) |
| | ) |
| Plaintiff, | )  Case No. 7:18cv00189 |
| | ) |
| v. | ) |
| | ) |
| VIRGINIA POLYTECHNIC INSTITUTE | )  By: Michael F. Urbanski |
| AND STATE UNIVERSITY, et al., | )  Chief United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Yunsong "Bellamy" Zhao, a citizen of China, came to the United States on an F-1 student visa to study at Virginia Polytechnic Institute and State University ("Virginia Tech") in July of 2017. Zhao was dismissed from Virginia Tech on February 5, 2018. The occurrence of three contemporaneous events give rise to Zhao's claims in this action brought under 42 U.S.C. § 1983.

The first event is Zhao's arrest on January 29, 2018 for illegal possession of an assault rifle by a non-United States citizen or permanent resident, in violation of Virginia Code § 18.2-308.2:01. Those charges are still pending and are set for trial in Montgomery County Circuit Court on Monday, September 24, 2018.

The second event is Virginia Tech's notification to the Department of Homeland Security via the Student and Exchange Visitor Information System (SEVIS) that Zhao had dropped below the requisite number of credit hours to maintain his status as a full-time student, as required by 8 C.F.R. § 214.3(g)(2). This event also occurred on January 29, 2018.

Two days later, Zhao was issued a notice to appear by the Department of Homeland Security, stating he was removable from the United States because he failed to maintain his status as a full-time student.

The third event is a student conduct hearing that was held in Zhao's absence on February 2, 2018, four days after Zhao's arrest and the termination of his SEVIS status. At the time, Zhao was incarcerated on the gun charge. This hearing stemmed from his alleged possession of a prohibited knife on campus on two separate occasions.[1] Zhao was aware of this hearing, which had been scheduled prior to his arrest and incarceration. He met with Student Conduct Coordinator Kyle Rose on January 26, 2018 to discuss the hearing. Zhao alleges that on January 31, 2018, after his arrest on the gun charge, he used his one of his two free phone calls from jail to contact Kyle Rose and ask him to reschedule the student conduct hearing due to his incarceration. Zhao claims he had no money to make additional calls or contact Virginia Tech by any other means. Virginia Tech did not reschedule the hearing. In absentia, Zhao was found responsible for two counts of unauthorized possession of a weapon on campus and two counts of failure to comply with a university official. On February 5, 2018, Zhao was dismissed from the university. His appeal was denied.

Zhao is now in the custody of the U.S. Immigration and Customs Enforcement Agency (ICE) in Farmville, Virginia.[2] He was denied bond, and his next immigration hearing is Thursday, September 28, 2018.

---

[1] The first occasion was January 6, 2018, following contact with Virginia Tech police. The second was during execution of a search warrant following his January 29 arrest. Zhao was placed on interim suspension, and these two alleged violations of the student conduct policy were combined into one hearing, which was scheduled for February 2, 2018.
[2] Zhao was transferred to ICE custody after being released on bond on his gun charge pending in Montgomery County.

2

Currently before the court is the third iteration of Zhao's complaint,[3] alleging violations of his due process rights against Virginia Tech and two administrators in their individual and official capacities. In this, his second amended complaint, Zhao seeks injunctive and declaratory relief, punitive damages, and attorney's fees. On September 19, 2018, the parties appeared for oral argument on Zhao's third motion for preliminary injunction and Virginia Tech's third motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This opinion addresses the arguments raised in Zhao's motion for preliminary injunction (ECF No. 70).[4] In that motion, Zhao asks the court to compel Virginia Tech to reissue Zhao a Form I-20,[5] so that he can regain his F-1 student visa and be released from ICE custody. However, because Zhao is unlikely to succeed on the merits of his due process claim concerning termination of his SEVIS status, the court will **DENY** Zhao's request for relief.

I.

The purpose of a preliminary injunction "is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003), abrogation on other grounds by eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006). To that end, "preliminary injunctions are extraordinary

---

[3] The court previously held hearings on June 18, 2018 and July 30, 2018 on Zhao's first two complaints and motions for preliminary injunction and Virginia Tech's corresponding motions to dismiss.
[4] The court's rulings as to Virginia Tech's third motion to dismiss will be articulated in a separate opinion.
[5] Form I-20 is a Certificate of Eligibility for Nonimmigrant (F-1) Student Status -- For Academic and Language Students.

3

interlocutory remedies that are granted in limited circumstances and then only sparingly." Id. at 526.

In order to prove he is entitled to this extraordinary relief, Zhao must establish that he is (1) he is likely to succeed on the merits of his due process claim, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

The Fourteenth Amendment and Fifth Amendment prevent states and the federal government, respectively, from "depriving individuals of life, liberty, or property without due process of law." U.S. Const., amend. XIV, § 1, amend. V. Zhao contends that Virginia Tech unlawfully deprived him of two vested property interests—his right to enrollment as a student at Virginia Tech and his SEVIS status—without due process. He argues these property interests are inextricably intertwined; but even if they are not, Zhao claims he has an independent property interest in his SEVIS status. As explained in detail below, the court finds that Zhao's property interest in continued enrollment at Virginia Tech is factually distinct from his SEVIS status, and that Zhao did not possess, nor is there any legal basis for recognizing, an independent, stand-alone property interest in his SEVIS status.

### A.

Under federal law, a university that admits international students must comply with specific federal regulations governing the maintenance of data related to a student's F-1 visa status through SEVIS. The SEVIS database "tracks the entry, stay, and exit of foreign students in the United States." Defs.' Br. in Opp. to Pl.'s Renewed Mot. for Prel. Inj., ECF

4

No. 43, at 3. Through this system, a designated student official transmits student data via the SEVIS database to the U.S. Department of Homeland Security for review.

Here, Zhao alleges that prior to modifying his status in the SEVIS database to reflect his failure to satisfy the federally mandated threshold of twelve credits, due process required that he receive notice and a hearing. The basis for this due process claim is that Zhao's "SEVIS record at Virginia Tech . . . is inextricable from his vested property interest to attend school at Virginia Tech," Pl.'s Third Mot. for Prel. Inj., ECF No. 70, at 18, and thus due process protections extend to changes made to his SEVIS record.

The facts before the court indicate that the plaintiff's SEVIS status and property interest in continued enrollment at Virginia Tech are, contrary to plaintiff's claim, divisible. Indeed, Virginia Tech stated that it does not prohibit students from continuing enrollment based upon either their SEVIS status specifically or immigration status generally. In a prior federal action, Virginia Tech stated that it "does not take immigration status into account in either admissions or enrollment." Equal Access Education v. Merton, 305 F. Supp. 2d 585 (2004) (Brief by Defendants In Support of Motion for Summary Judgment, filed June 8, 2004, ¶ 81). Furthermore, there is no evidence in the record suggesting that the ministerial act of modifying Zhao's SEVIS record as required by federal law resulted in the termination of his enrollment at Virginia Tech. Instead, the termination of a student's SEVIS status results in a "hold," requiring that the student confer with Virginia Tech officials prior to registering for a new academic term. Defs.' Br. in Opp. to Pl.'s Renewed Mot. for Prel. Inj., ECF No. 43, at 2-3. The affidavit from the deputy registrar indicates that Virginia Tech did not consider Zhao officially dismissed until after the unrelated student conduct hearing was

5

held. In other words, the termination of Zhao's property interest in continued enrollment was factually unrelated to the change in his SEVIS status.

Insofar as the modification of Zhao's SEVIS record implicates his F-1 visa and immigration status, whatever due process he is owed with respect to these issues is the prerogative of and provided for in the immigration courts, not the hallways of Virginia Tech. Virginia Tech's termination of Zhao's SEVIS status neither resulted in his deportation nor in the revocation of his F-1 visa. Merely modifying Zhao's status in the SEVIS database, a clerical duty performed as a preliminary matter and in accordance with federal regulations, therefore does not itself engender due process protections. For his part, Virginia Tech's designated school official, defendant David Clubb, stated that he "lacked the discretion or authority to retain Zhao as a student," and that in updating Zhao's SEVIS record, he was "fulfill[ing] my obligation required by U.S. Immigration and Customs Enforcement to immediately report Mr. Zhao's noncompliance" with SEVIS. Clubb Decl., ECF No. 15, at Ex. A. Ultimately, it is the immigration courts, and not Virginia Tech, that will adjudicate Zhao's immigration status, and there is no contention in this case that Zhao's immigration proceedings have lacked due process protections.

**B.**

Zhao argues in the alternative that even if his SEVIS status is held to be separable from his property interest in continued enrollment, defendants nonetheless still violated his due process rights because he possessed an independent property interest in his SEVIS status. The plaintiff does not proffer any legal basis for this claim. Indeed, the only case specifically addressing the question of whether a student possesses a property interest in his

6

or her SEVIS status giving rise to due process protections concludes that there is not. In that case, Bakhtiari v. Beyer, the district court determined that neither the SEVIS regulations nor the enabling legislation indicate any congressional intent to create a private right of action or to otherwise benefit a person in the plaintiff's position. No. 4:06-CV-01489(CEJ), 2008 WL 3200820, at *3 (E.D. Mo. Aug. 6, 2008). Furthermore, in Fan v. Brewer, a case later affirmed by the Fifth Circuit, the district court held that merely updating a student's SEVIS record to reflect their changed academic status did not violate any constitutional right. Fan v. Brewer, No. CIV.A.H-08-3524, 2009 WL 1743824, at *8 (S.D. Tex. June 17, 2009), aff'd sub nom. Fenghui Fan v. Brewer, 377 F. App'x 366 (5th Cir. 2010). The Fifth Circuit, in affirming the district court, noted that by updating the SEVIS database, the employee in question was "merely fulfilling her duty under federal law." 377 F. App'x at 368. Finally, Zhao failed to cite any regulation requiring Virginia Tech or any other university to provide notice and a hearing before changing his SEVIS status.

Because there is no precedent supporting Zhao's contention that his SEVIS status constitutes an independent property interest implicating due process, and because changing his SEVIS status does not invariably implicate his property interest in continued enrollment at Virginia Tech, adjusting Zhao's SEVIS record without prior notice and a hearing did not violate any constitutional right to due process. Zhao cannot succeed on the merits of his due process claim as to termination of his SEVIS status.

As Zhao has not satisfied one of the required elements for issuance of a preliminary injunction, the court need not address the remaining factors articulated in Winter, 555 U.S. at 20.

7

## II.

Simply put, this is not one of the limited circumstances in which preliminary injunctive relief is appropriate. There is no need for the court to protect the status quo in order to "preserve the court's ability in the end to render a meaningful judgment on the merits," because Zhao cannot succeed on the merits of this due process claim. In re Microsoft, 333 F.3d at 526. As such, his motion for preliminary injunction must be denied.

An appropriate order will be entered.

Entered: 09/21/2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge